**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3165
_____

JASON SCOTT,
                                        Appellant

v.

UPS SUPPLY CHAIN SOLUTIONS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:10-cv-00929)
District Judge: Honorable Jennifer L. Hall
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed July 1, 2026)
_____

OPINION[*]
_____

PER CURIAM

        Jason Scott, proceeding *pro se*, appeals from the United States District Court for

the District of Delaware's ("the District Court's") order denying his motions to vacate

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

under Fed. R. Civ. P. 60(b) and 60(d)(3). We will affirm the judgment of the District Court.

In 2010, through counsel, Scott sued UPS Supply Chain Solutions ("UPS") under Title VII of the Civil Rights Act of 1964 and 19 Del. Code § 710(C)(3)(D), claiming that he was terminated for not conforming to traditional gender stereotypes. In 2012, the District Court granted summary judgment in favor of UPS, concluding that Scott could not maintain his claims against UPS because he was never employed by UPS. We affirmed the District Court's judgment, and the Supreme Court of the United States denied Scott's subsequent petition for a writ of certiorari. Scott filed an unsuccessful motion to reopen in the District Court in 2015.

In May of 2025, Scott filed two motions for relief from the District Court's judgment, one under Rule 60(b)(2), (3), and (6), and one under Rule 60(d)(3), claiming to have uncovered new evidence and "fraud on the court." Specifically, Scott contended that the Court had ruled without the benefit of all the evidence because a stipulated confidentiality order had sealed critical discovery material about his employment status. He further claimed that his counsel's submission of that stipulation worked a fraud on the court, because counsel had induced the District Court to enter it by misrepresenting that Scott had agreed to it. The District Court denied both motions as untimely and factually and legally baseless. Scott appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. *See, e.g., Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 678 (3d Cir. 1986) (per curiam). The

2

District Court's order denying Scott's Rule 60(b) and Rule 60(d) motions is reviewed for abuse of discretion.[1] *Jackson v. Danberg*, 656 F.3d 157, 162 (3d Cir. 2011).

Among other things, Scott contends the District Court erred in denying his Rule 60(d)(3) motion by "applying Rule 60(b) concepts such as timeliness…."[2] C.A. Doc 8 at 9. But, because we agree with the District Court that Scott's Rule 60(d)(3) motion is meritless, we need not decide whether the District Court correctly concluded that this motion is time-barred. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (explaining that this Court may affirm on any basis supported by the record).

Scott's Rule 60(d)(3) motion was premised on the incorrect assertion that a "Stipulated Confidentiality Order" was entered by the District Court. ECF No. 89 at 1. As the District Court correctly stated, the docket history clearly shows that no such order was ever entered by the Court. While Scott provided a document titled "Stipulated Order" as a supplement to his Rule 60(d) motion, this document is a draft of a *proposed* order, clearly unsigned and undated by the District Judge and the parties. ECF No. 99-2 at 1, 8. Accordingly, he did not present a basis to set aside the judgment under Rule 60(d)(3). *See generally In re Bressman*, 874 F.3d 142, 150 (3d Cir. 2017) (describing the showing necessary to establish "fraud on the court").

---

[1] We deny Appellee's argument to dismiss Scott's appeal due to his failure to file an appendix. Scott chose to file an informal brief, and we may hear his appeal without his having included an appendix. *See* 3rd Cir. L.A.R. 30.2 & 30.3(f); *see also Horner Equip. Int'l, Inc. v. Seascape Pool Ctr., Inc.*, 884 F.2d 89, 93 (3d Cir. 1989) (explaining that a dismissal for a failure to comply with a procedural rule is disfavored).

[2] To the extent Scott raises new claims for the first time on appeal, we will not consider them. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 88 n.12 (3d Cir. 2013).

As for Scott's Rule 60(b) motion, he had to file it "within a reasonable time," and to the extent that he proceeded under subsection (b)(2) or (b)(3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The District Court entered final judgment in 2012, and Scott did not file his motion under 2025. Accordingly, the District Court did not abuse its discretion in denying it as untimely.

Accordingly, we will affirm the District Court's judgment.[3]

---

[3] Appellee's motion to file a supplemental appendix is granted.